IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PHYLLIS PEARCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 3:04CV752 |
| | ) |
| LEON A. THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Increase *Ad Damnum* (docket entry no. 17) and Plaintiff's Motion to Exclude Defense Experts (docket entry no. 19). The Defendants have not filed any objection to the first motion and the motion to exclude has been fully briefed and argued.

### Motion to Increase *Ad Damnum*

As noted by Plaintiff in support of her motion, recovery in a federal action is not limited by the amount sought in a complaint; rather, "[t]he propriety of the verdict is tested by the evidence, not the *ad damnum* clause." (Pl.'s Mem. In Supp. Mot. To Incr. Ad Damnum at 1-2 (citing cases)). In addition, governing Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff has represented that discovery has revealed a basis for a higher award than originally contemplated and the Defendant cannot claim any undue prejudice where any higher recovery would still have to be predicated on the same evidence, already the subject of discovery, that the defense will have to confront at trial in any event. There being no other proposed amendment to the Plaintiff's claims, and the Defendant's prior answer

being sufficient as a response to the increased demand, the motion will be GRANTED.

## Motion to Exclude Defense Experts

The court's standard Scheduling Order which is in effect in the case provides for simultaneous disclosure by the parties of expert reports that must comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B). The modification of the three step staggered procedure set forth in Local Rule 26(D) and employed by other courts is premised on the assumption that the preliminary disclosures required by Rule 26(a)(1) are normally sufficient to at least identify pertinent issues (if not intended sources of potential expert evidence) in the more straightforward cases such as this one involving clear issues of liability and damages. The court's modification of what may fairly be viewed as the more common practice is required to maintain a compressed time frame for trial in order to expedite the process in such cases.

Here, detailed preliminary disclosures were made by the Plaintiff on or about January 7, 2005, some four and one-half months before the deadline for the simultaneous designation of experts and disclosure of the other information required by the court's Scheduling Order.[1] (Pl.'s Mem. Supp. Mot. to Exclude Defs.' Experts (Pl.'s Mem.) at 3-5). Moreover, the parties entered into a discovery plan pursuant to Rule 26(f) before the case was reassigned that provided for even earlier designation and disclosure of the experts than required by the superseding Scheduling Order. (Jt. Rule 26(f) Report and Discovery Plan, docket entry no. 13). Accordingly, there should not have been any undue surprises preventing the defense from providing full disclosure of all expert witnesses and necessary related information as of the due date of May 20. However,

---

[1] The court's Scheduling Order was not entered until March 31, 2005, after the case was transferred to the undersigned.

no reports or other information as required by the Rule were provided for two of the three individuals designated by the defense (Dr. Linehan and Mr. Hargis) and the information provided in regard to the remaining individual (Dr. Woodhouse) was lacking for reasons asserted by the Plaintiff. (Pl.'s Mem. at 13-20). In response, defense counsel asserts that the witnesses are only rebuttal witnesses, and as such they did not have to be disclosed with accompanying information, *i.e.*, full reports, until thirty days later (June 20), that the report provided in regard to Dr. Woodhouse is in full compliance with Rule provisions, and that Mr. Hargis is more properly a fact witness for which no disclosure was required at that juncture. (Defs.' Opp. Pl.'s Mot. Exclude Experts (Defs.' Opp.) at 1).[2]

If such witnesses were only intended to be offered as rebuttal witnesses for whom disclosure would not have to have been made until June 20, then why the premature disclosure on the same date as when "main" expert witnesses were to be disclosed? Defense counsel asserts that "[t]hey were disclosed early to give extra time for depositions should Plaintiff so desire." (Defs.' Opp. at 1). Whether or not the court accepts counsel's explanation, the issue is whether Dr. Lineman's subsequent letter-report of June 8, 2005, suffices for purposes of a rebuttal expert disclosure. (Defs.' Suppl. Rule 26(a)(2)(B) Discl. (Defs.' Suppl. Discl.), ex. A). In his disclosure, Dr. Linehan recites the medical history of the treatment of the Plaintiff, compares and

---

[2] The Defendants also complain that if counsel's disclosure concerning Dr. Linehan was lacking, it was because of Plaintiff counsel's failure to comply with "Defendants' subpoena requests regarding her medical history" and the attending physician's failure to respond to a document subpoena. (Defs.' Opp. at 3). Aside from the fact that defense counsel had the full reports of Plaintiff's experts for several months for which a detailed response should have been available, at least to the extent of addressing issues identified in the disclosures, no effort was made to enforce any discovery demand through the court as would have been the logical and necessary step in obtaining such information in a timely fashion. Defendants' argument in this regard is thereby unavailing.

contrasts what he concludes to be the conflicting reports of Plaintiff's two experts (Dr. May and Dr. Stern), and then offers what he believes to be a more accurate analysis to determine the degree, if any, of permanent disability (based on the muscle atrophy model as opposed to the flexion model) as well as his own assessment of any permanent impairment from attendant skin grafting. Id. It is one thing for a rebuttal expert to critique the analysis and findings of the opposition's expert(s) and yet another to offer different findings based on a separate analysis or methodology. The former is properly within the ambit of rebuttal evidence, the latter is more properly the subject of the type of expert opinion that should have been initially disclosed so that the Plaintiff here could fairly react by marshaling her own rebuttal evidence, if deemed appropriate. Dr. Linehan will therefore only be permitted to offer his opinion on his review of the Plaintiff expert reports, as referenced in his own submission, without offering any opinion based on alternative analysis or anything not referenced in his report.[3]

The court agrees with Plaintiff's protestations as to the insufficiency of the disclosure regarding Dr. Woodhouse.[4] Simply put, an insufficient basis is set forth as how Dr. Woodhouse arrived at his opinions that defense counsel asserts to be "strongly grounded in science." (Pl.'s Mem. at 15; Defs.' Opp. at 6). Moreover, no attempt was made to supplement the disclosure, even after Plaintiff's counsel alerted defense counsel to its deficiencies in his supporting

---

[3]The discovery cutoff deadline will also be extended for the same period of time as between disclosure of the June 8 report to the date of this Memorandum for Plaintiff's counsel to depose the witness if he be so advised.

[4]The Plaintiff complains that the disclosure was also insufficient for failure to list the cases in which the witness had been involved and the fee arrangements for his participation in this matter. (Pl.'s Mem. at 7). However, the copy of the disclosure in the record appears to include such information. The court concludes that the disclosure is insufficient for other reasons asserted in any event.

4

memorandum, as could have been done to at least be able to utilize the witness in a rebuttal capacity.[5]

As to Mr. Hargis, and aside from the fact that his identity was disclosed on the deadline for identification of expert witnesses, he is obviously intended to be used to offer specialized knowledge on several issues related to particular aspects of the trucking industry, including, by defense counsel's own description, "an expert in safety issues with respect to the type of truck driven by the defendant Thompson," industry pay practices, and employment opportunities. (Defs.' Suppl. Discl. at 3-4). Such proposed testimony is that of an expert for which proper disclosure was not made as required. Mr. Hargis will not, therefore, be permitted to testify in any capacity, especially where he was not a witness to relevant events.[6]

## Remaining Defense Rebuttal Experts

Although no formal motion is pending, Plaintiff's counsel made it clear at the hearing on the initial motion that similar problems and concerns attend the designation of Defendants' additional rebuttal experts Reuschling, Shedlin, and Walsh, especially where Plaintiff is effectively foreclosed at present from any further discovery given impending deadlines. In anticipation of a formal submission (hopefully, in the near future, if at all) and to expedite the process given the impending trial date, the court suggests that if the defense was fairly put on notice by the disclosures of January 7 as to the particular issues addressed by an asserted defense

---

[5]No supplemental report concerning the witness was provided by the deadline for making rebuttal expert designations.

[6]Although defense counsel's argument that one doesn't have to be an eyewitness to be a fact witness at trial is persuasive, whatever purely factual evidence the witness would have to offer would be secondary to his purported expert opinion(s) based on such factual predicate.

rebuttal expert, then designation and disclosure should have been made on May 20 and can only be utilized now in the same way as that of Dr. Linehan without an opinion being offered that is based on any different analysis.[7] Otherwise, if there was no initial disclosure, the designation of rebuttal experts is not so restricted such that the Plaintiff, for example, could have designated someone previously unidentified in response to Defendants' May 20 disclosures. At the same time, and being mindful of the delay that has ensued in resolving the issue, if the designated defense rebuttal experts are to address new issues or distinguishable proffers of evidence as disclosed in the May 20 submissions of Plaintiff, the court would be receptive to extending discovery deadlines or, if necessary, resetting the trial date for a brief period, but only to allow discovery by Plaintiff as to the defense rebuttal witnesses who have been identified and only as to what is addressed in their reports.

      An appropriate Order shall issue.

                                                            /s/
                                             Dennis W. Dohnal
                                             United States Magistrate Judge

Date: _____

---

[7] The court cannot be certain from a review of the index of materials produced on January 7 which issues addressed by the proposed defense rebuttal experts were the subject of disclosure. (Pl.'s Mem. at 3-5).